IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER L. BATSON                                                                    PETITIONER

v.                                          No. 4:95-cv-04093

DEXTER PAYNE, Director,                                                                  RESPONDENT
Arkansas Department of Correction


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Relief from Judgment or Order Under Rule 60(d)(1). ECF No. 18.  This Motion was filed by Christopher L. Batson ("Batson"), an inmate confined in the Eastern Arkansas Maximum Unit in Tucker, Arkansas.  *Id.*  The Motion was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

1. **Procedural Background**:

This case was previously considered in a Report and Recommendation dated November 10, 1995 by United States Magistrate Judge Bobby E. Shepherd.  ECF No. 13.  This Court will consider the relevant facts from Batson's case as outlined by Judge Shepherd in that decision.

On January 28, 1992, Batson pled guilty to first degree murder, aggravated robbery, and two counts of theft of property in Lafayette County, Arkansas Circuit Court.  He was sentenced to terms of imprisonment in the ADC for life for first degree murder plus consecutive terms of forty (40) years for aggravated robbery and twenty (20) years each for the thefts.  Batson filed for post-conviction relief in Arkansas state court, but those were denied because they were untimely filed.

On September 11, 1995, Batson filed his first petition for a writ of *habeas* corpus with this Court, seeking relief from his convictions.  ECF No. 1.  On November 13, 1995, Judge

Shepherd denied this petition in a report and recommendation. ECF No. 13. On November 30, 1995, United States District Judge Harry F. Barnes adopted that recommendation and denied the petition. ECF No. 15. Batson did not appeal this denial of the petition.

On February 2, 1998, Batson sought permission from the United States Court of Appeals for the Eighth Circuit to file a successive petition for *habeas corpus* relief. ECF No. 16. Thereafter, on March 2, 1998, the Eighth Circuit denied his request to file a successive petition. ECF No. 17.

Now, over twenty-two years later, on July 6, 2020, Batson filed the current Motion, which he styles a Motion for Relief from Judgment Pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure. ECF No. 18. With this Motion, Batson specifically seeks to "reopen the previously decided habeas petition in Batson v. Norris." *Id.* Batson claims he is innocent of first-degree murder, and Batson also specifically claims this Motion should not be considered a "second or successive petition" under 28 U.S.C. § 2244(b). *Id.* at 2-3

**2.    Discussion**:

Batson claims to be seeking relief pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure.[1] ECF No. 18. However, despite his characterization of this Motion, this Court is under an obligation to determine whether it is actually a second or successive 2254 Motion. *See Boyd v. United States,* 304 F.3d 813 (8th Cir. 2002). The Eighth Circuit has specifically directed such an initial inquiry: "In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion

---

[1] Although Batson characterizes his motion as a motion pursuant to Rule 60(d), he should have sought relief under Rule 60(b) as opposed to Rule 60(d) because Rule 60(d) does not provide grounds for relief from a judgment or order but Rule 60(b) does. Thus, the Court presumes Batson intended to seek relief under Rule 60(b).

and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Id.* at 814.

To differentiate a 2254 action from an action pursuant to Rule 60(b), the relevant question is whether the movant is seeking relief from a judgment in a criminal case. *See, e.g., United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998). If the movant is seeking that relief, the motion should be characterized as a 2254 motion, not a Rule 60(b) motion. *See id.* (recognizing "Rule 60(b) simply does not provide for relief from judgment in a criminal case").

In the present action, despite Batson's characterization that this motion is brought pursuant to Rule 60(d), Batson is challenging his underlying criminal case and specifically seeks to reopen his 2254 proceedings. ECF No. 18. As such, the Court finds Batson's current motion should be characterized as a 2254 motion and should be denied as a second or successive petition.

Notably, Batson previously filed a 2254 motion. ECF No. 1. It was denied. ECF No. 15. Batson then filed the current motion which is properly characterized as a 2254 Motion. ECF No. 18. Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Batson was required to obtain a certification by a panel of the Eighth Circuit prior to filing this 2254 motion. *See* 28 U.S.C. § 2244(b)(3)(A) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Batson did not seek such an authorization to file the current Motion. Indeed, in 1998, the Eighth Circuit specifically denied Batson's request for authorization to file a successive petition. ECF No. 17. Without such a certification, this Court has no jurisdiction over

3

this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this Motion should be denied, and Batson's *habeas* petition should be dismissed.

**3.     Recommendation**:

Accordingly, based on the foregoing, it is recommended Batson's Motion for Relief from Judgment or Order under Rule 60(d) be **DISMISSED** as a second or successive 2254 Motion.[2] Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

Finally, because Batson has attempted to circumvent the well-established rules in filing 2254 Motions and has failed to comply with the requirement that he seek leave prior to filing a second or successive 2254 Motion, the Court also recommends Batson be **BARRED** from any further filings with the Court in this case without first seeking leave prior to filing.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 27th day of January 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).

4